. BURWELL & PARHAM v. EDWARD LAFFERTY.

*Attachment — Order of Publication — Service of Summons.*

In a proceeding by attachment, where the order for publication was for four weeks instead of six, and no order was made to deposit a copy of the summons and complaint in the post-office directed to the defendant, nor was such deposit made, the attachment should be vacated.

(*Spiers* v. *Halsted,.*71 N. C. 209, cited and approved.)

ATTACHMENT, granted December 27, 1875, at Chambers in Franklinton, by *Watts, J.*

The plaintiffs alleged that the defendant was indebted to them in the sum of $381.43 and had removed from this State to Canada to avoid the service of legal process. For irregularities in the proceedings in the Court below the substance of which is stated in the opinion, the case was not decided upon its merits. No further statement of the facts is deemed necessary.

Judgment for plaintiffs. Appeal by defendant.

*Mr. W. H. Young,* for plaintiffs.
*Messrs. Moore & Gatling* and *C. A. Cook,* for defendant.

FAIRCLOTH, J. It would be tedious to mention all the defects and irregularities of the proceedings on which the judgment was rendered in this case. There was no personal service of the summons nor any by publication as required by C. C. P. ch. 17, § 84. The order for publication was for four weeks whereas the statute requires six weeks and although it appears from the affidavit that the residence of the defendant was known, no order was made to deposit a copy of the summons and complaint in the post office directed to the defendant as required by said section nor was such deposit in fact made. The case of *Spiers* v. *Halsted,* 71

N. C. 209, is decisive of this case. This Court has so re-
peatedly defined the modes of proceeding in attachments
that it is not necessary to repeat them here.

The defendant's motion is to vacate said judgment which
His Honor refused. We think it should have been al-
lowed.

There is error.

PER CURIAM.                               Judgment reversed.